FILED

**NOT FOR PUBLICATION**

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LENDING GROUP, LLC, an Arizona limited liability corporation; et al., | No. 09-15166 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-00024-PGR |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, Attorney General of the United States; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted February 11, 2010 [**]
San Francisco, California

Before: THOMPSON and McKEOWN, Circuit Judges, and ZILLY, [***]  Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

National Lending Group, LLC ("National Lending") and Millennium Banc, Ltd. ("Millennium"), which are or were engaged in the pawnbroker business, appeal from the district court's grant of summary judgment concluding that, due to willful violations of the Gun Control Act of 1968 ("GCA") and related regulations by National Lending and Millennium (collectively, "Licensees"), the Attorney General was authorized to revoke certain Federal Firearms Licenses ("FFLs") and deny applications for other FFLs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

The GCA authorizes the Attorney General, "after notice and opportunity for hearing," to revoke a FFL if the licensee "has willfully violated" any provision of the GCA or the regulations promulgated thereunder. 18 U.S.C. § 923(e). Willful violation is also a basis for the Attorney General to deny an application for a FFL. *Id.* § 923(d)(1)(C). An aggrieved party may file a petition with the district court for the district in which the party resides or does business, seeking de novo judicial review. *Id.* § 923(f)(3). The district court may "consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held" by an officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), to whom the Attorney General has delegated authority. *Id.*; *see* 28 C.F.R. § 0.130(a)(1); *see also* 27 C.F.R. § 478.74.

For the first time on appeal, Licensees raise a due process challenge to the way in which hearings were conducted by ATF prior to revocation and denial of the FFLs. By failing to present the issue to the district court, Licensees waived their due process claim. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996). With regard to the district court's review of the decision to revoke and deny the FFLs at issue, Licensees assert that the administrative record contains information the district court should not have considered because it lacked proper foundation or constituted inadmissible hearsay.[1] In making this argument, Licensees fail to provide a single citation to the record. They complain that, during the ATF proceeding, an ATF agent would be handed a report "from another local law enforcement agency and ask[ed] . . . about its contents." Opening Br. at 6-7. They do not, however, point to any place in the record where such procedure was followed. To the contrary, five different state or local law enforcement officers testified and, in each instance, although the officer might not have written the related report, the officer personally observed or participated in the events described.

---

[1] Licensees' characterization of Exhibits 83, 84, and 85 as containing or constituting hearsay does nothing to advance their position because the Federal Rules of Evidence do not apply to administrative proceedings. *See* Fed. R. Evid. 1101(a) & (b); *see also Nationwide Jewelry & Pawn, Inc. v. United States*, 455 F. Supp. 2d 1379, 1383 (M.D. Ga. 2006).

Licensees' related contention that, in considering the administrative record, the district court "eviscerated" Rule 56 borders on frivolous. The rules governing summary judgment set forth with particularity the requirements of an affidavit, *see* Fed. R. Civ. P. 56(e), but contrary to Licensees' implicit assertion, the rules do not require that affidavits be submitted. *See* Fed. R. Civ. P. 56(c); *see also* Advisory Committee Notes (1963) (referring to "affidavits or other evidentiary matter").

Licensees' attempt to characterize Mark Brooks's involvement as merely a secured creditor is likewise meritless. The evidence established that Mr. Brooks participated in the daily activities of the business, appearing behind the counter, handling firearms, having the alarms codes, and responding to alarm incidents; that until September 2005, he had direct ownership interest in National Lending; and that after September 2005, he continued to have an ownership interest through his solely owned company, Alexis J., L.L.C. The district court appropriately found an absence of factual issues on the subject.

Finally, with regard to willfulness, Licensees argue that the type of evidence presented to the ATF Hearing Officer was insufficient because it did not establish either a history of regulatory violations or an admitted failure to comply with known regulatory requirements. Although a history of regulatory violations or an admission of culpability constitute evidence of willfulness, Licensees provide no

authority for the contention that these are the only means by which willfulness can be established.  In this case, the evidence of willfulness was of a different nature, but was equally or more compelling.  The undisputed evidence established that Licensees knew the requirements of the law, and not only were plainly indifferent to, but also engaged in deliberate efforts to circumvent them.  *See Gen. Store, Inc. v. Van Loan*, 560 F.3d 920, 923 (9th Cir. 2009).  Revocation and denial of the FFLs at issue was authorized, and the district court properly granted summary judgment against Licensees.  *See Stein's Inc. v. Blumenthal*, 649 F.2d 463, 464 n.2 (7th Cir. 1980).

**AFFIRMED.**